■ Girlshop, Inc., Appellant, v Abner Properties Company, Defendant, and Frederick Goldman, Inc., Respondent. [772 NYS2d 506]—

Order, Supreme Court, New York County (Diane Lebedeff, J.), entered January 16, 2003, which, to the extent appealed from as limited by the brief, granted defendant-respondent Frederick Goldman, Inc.'s motion pursuant to CPLR 3211 (a) (7) insofar as to dismiss plaintiff's eighth cause of action, unanimously affirmed, with costs.

Plaintiff, a tenant in a commercial building, seeks reinstatement of its claim that defendant Goldman, another tenant in the building, violated Goldman's lease with the landlord. Because it is not a party to the Goldman lease, plaintiff seeks to enforce it as an intended third-party beneficiary. However,

because there is no clear indication that the parties to the lease intended to confer upon plaintiff the right to enforce the relied upon lease provision, which precludes Goldman from creating a disturbance, except in the ordinary course of its business, unreasonably interfering with the use of the building, plaintiff's claim was properly dismissed. Plaintiff was merely an incidental beneficiary of the lease (*see Artwear, Inc. v Hughes*, 202 AD2d 76, 81 [1994]). Moreover, even if plaintiff had standing to sue as a third-party beneficiary, its claim would fail. As noted, the clause relied upon by plaintiff bars disturbances, except those arising in the ordinary course of Goldman's business. Goldman is a jewelry manufacturer and, as the lease acknowledges, its ordinary operations include the casting and stamping of jewelry. Disturbances arising from these operations—the very disturbances about which plaintiff complains—are thus not actionable under the lease. Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.